UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEIVID JORDEN VASQUEZ-HERRERA,
Petitioner,
v.
PATRICK DIVVER, et al.,
Respondents.

Case No.: 3:26-cv-00682-BJC-VET

**ORDER DENYING MOTION TO ENFORCE JUDGMENT**

**[ECF No. 7]**

Before the Court is Petitioner Deivid Jorden Vasquez Herrera's ("Petitioner") Motion to Enforce Judgment ("Motion"). ECF No. 7. For the reasons set forth below, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Factual Background

Petitioner is a native and citizen of Guatemala. ECF No. 1 at 3. On August 15, 2021, he entered the United States through the Texas border. ECF No. 1-2 at 1. He was apprehended by U.S. Customs and Border Protection, detained, and subsequently released from custody. ECF No. 1 at 4. On October 27, 2021, the Department of Homeland Security issued a Notice to Appear, thereby initiating removal proceedings against Petitioner. *See*

ECF No. 1-2 at 1. On May 25, 2025, Petitioner was taken into immigration custody, where he remains. ECF No. 1 at 17.

**B. Procedural History**

On February 3, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting his continued detention exceeds statutory authority and violates the Fifth Amendment. ECF No. 1. This Court set a briefing schedule and issued a limited stay. ECF No. 2. Respondents filed a return to the petition on February 12, 2026. ECF No. 4. In their return, Respondents acknowledged Petitioner was "detained under 8 U.S.C. § 1226(a) and is entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 4 at 2 (citing *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025)). On February 25, 2026, the Court granted his writ of habeas corpus and ordered Respondents to hold a bond hearing within fourteen days of the order, enjoined Respondents from transferring Petitioner before the bond hearing took place, and specified that the bond could not be denied based on 8 U.S.C. § 1225. *See* ECF No. 5.

**C. The Bond Hearing**

Petitioner was given a bond hearing. ECF No.7 at 3. Petitioner alleges that at the bond hearing he presented "substantial, unrebutted evidence supporting release, including a verified residence, financial support, family ties, and multiple community declarations confirming that he poses no danger and is not a flight risk," and noted that "[t]here is no criminal history and no evidence of dangerous conduct." *Id*. at 4–5. The immigration judge ("IJ"), however, denied bond. *Id.* at 5. Petitioner does not identify what specific facts the IJ relied on for his decision, nor was a transcript of the bond hearing filed. *See generally Id.* Additionally, Petitioner does not address whether the bond determination was sent to the Board of Immigration Appeal ("BIA") for reconsideration. *Id.*

## II. <u>DISCUSSION</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl.

2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011). The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823, at *3 (E.D. Cal. Jan. 29, 2026).

First, to the extent Petitioner argues the bond hearing he was afforded was insufficient to satisfy this Court's order, he is not entitled to relief. A district court reviews an immigration custody determination in habeas proceedings under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) ("When questions require a close review of agency-found facts, like the 'dangerousness' determination [in an immigration custody hearing], we review for an abuse of discretion."). In doing so, the court "cannot reweigh evidence but can only determine whether the [IJ] applied the correct legal standard." *Id*. at 785. In other words, the Court's review "is limited to whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence." *Loba L.M. v. Andrews*, No. 1:25-CV-JLT-SAB, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026) (cleaned up). "[T]he reviewing court must bear in mind that 'the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.'" *Id.* (quoting *Martinez*, 124 F.4th at 784).

Here, Petitioner does not identify on what grounds the bond was denied or whether the record supports that the IJ in fact abused their discretion. Petitioner erroneously equates

the quantity of evidence submitted to the IJ as an indication that the "result reflects a failure to meaningfully apply the discretionary framework required by § 1226(a)." ECF No. 7 at 4. However, an IJ has broad discretion to deny or grant bond. Absent specific facts corroborating an IJ's abuse of discretion, the Court is unpersuaded that Respondents failed to "comply with the substance of the Court's order." *Id*. at 2. Therefore, he is not entitled to relief.

Additionally, in challenges to custody filed pursuant to 28 U.S.C § 2241, petitioners must generally exhaust administrative remedies. *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). "Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Normally, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial remedies before seeking relief under § 2241." *Laing*, 370 F.3d at 997 (citation modified) (citation omitted). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Id.* at 998. "Grounds for waiving exhaustion include finding that: (1) administrative remedies 'are inadequate or not efficacious,' (2) exhaustion 'would be a futile gesture,' (3) 'irreparable injury will result' if petitioner is required to exhaust administrative remedies, or (4) 'administrative proceedings would be void.'" *Kasovi v. Larose*, No. 26-CV-02185-BAS-MMP, 2026 WL 1239769, at *1 (S.D. Cal. May 5, 2026) (citing *Laing*, 370 F.3d at 1000).

Here, the Court finds Petitioner's claims of error should be decided "in the first instance by the BIA, the administrative tribunal established to review such claims and correct any mistakes, and possessing expertise in such review." *Lara v. Bondi*, No. 26-CV-1125-RSH-BJW, 2026 WL 892021, at *3 (S.D. Cal. Apr. 1, 2026).

//

//

//

//

Petitioner does not dispute he received a bond hearing within fourteen days of the Court's Order. And Petitioner offers no argument as to why the exhaustion requirement should be waived. Thus, the Court determines that the prudential exhaustion requirement applies here and declines to waive that requirement.

## III. CONCLUSION

For the foregoing reasons, the Motion to Enforce (ECF No. 7) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 2, 2026

Honorable Benjamin J. Cheeks
United States District Judge